Filed 6/6/25  P. v. Franco CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ABRAN FRANCO,<br><br>    Defendant and Appellant. | D084115<br><br><br>(Super. Ct. No. SCD220281) |


APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Reversed and remanded for resentencing.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Abran Franco appeals from a judgment imposed on remand after we affirmed in part and reversed in part an order granting partial relief on his

petition to vacate two murder convictions under Penal Code section 1172.6.[1] (*People v. Franco* (Nov. 15, 2022, D079397) [nonpub. opn.].)  In this appeal, the parties agree that the matter must be remanded for another resentencing hearing because when the trial court imposed a 10-year consecutive sentence for a vicarious firearm enhancement under section 12022.53, subdivision (b), it was not aware of its discretion to impose a lesser one-year armed enhancement under section 12022, subdivision (a)(1).  (*People v. McDavid* (2024) 15 Cal.5th 1015, 1030 (*McDavid*).)  We agree with the parties and therefore reverse and remand for resentencing.  As a result, it is premature for us to address Franco's additional contention that the trial court violated the double jeopardy clause of the California Constitution by imposing a greater sentence after the prior appeal.

In 2011, a jury convicted Franco of two counts of second-degree murder (§ 187, subd. (a)) based on two separate shooting incidents, along with true findings on vicarious firearm and gang enhancements.  (§§ 186.22, subd. (b)(1), 12022.53, subds. (d) and (e)(1).)  The court sentenced him to 80 years to life, consisting of 15 years to life for each of the second-degree murder counts, plus 25 years to life for each accompanying firearm enhancement.  We affirmed the judgment.  (*People v. Franco* (Dec. 10, 2012, D060354) [nonpub. opn.].)

In 2021, the trial court granted Franco's petition to vacate one of his murder convictions under section 1172.6, redesignated it as assault and disturbing the peace, denied Franco's petition as to the other murder conviction, and resentenced Franco to an aggregate sentence of 18 years to life, consisting of a sentence of 15 years to life for the remaining murder conviction and a consecutive sentence of three years for the assault.  The

---

[1]     All further statutory references are to the Penal Code.

court also struck the 25 years to life penalty for the vicarious firearm enhancement under section 12022.53, subdivisions (d) and (e)(1). On appeal, we affirmed the court's order granting relief as to one of the murder convictions and denying relief as to the other. Because of other ameliorative changes in the law, however, we reversed the sentence and the jury's true findings on the gang-related and firearm enhancement allegations and remanded the matter for further proceedings. We further instructed the trial court that if it imposed a vicarious firearm enhancement, it should consider whether to exercise its discretion to impose a lesser firearm enhancement under section 12022.53 and *People v. Tirado* (2022) 12 Cal.5th 688, 692 (*Tirado*), which held that a court after striking a section 12022.53 enhancement may impose a lesser uncharged section 12022.53 enhancement. (*People v. Franco, supra*, D079397.)

On remand, Franco admitted the gang and firearm allegations under sections 186.22, subdivision (b)(1) and 12022.53, subdivision (e) as part of a plea deal with an indicated lid of 10 years for the firearm enhancement. As part of the factual basis for the plea, Franco admitted that in the commission of the remaining murder count, a codefendant "was a principal in the crime and personally and intentionally used and discharged a firearm during that crime that caused death to another."

In May 2024, the trial court resentenced Franco to a total aggregate term of 25 years to life, consisting of 15 years to life for the remaining murder count plus 10 years for the firearm enhancement under section 12022.53, subdivision (b). The court imposed concurrent sentences for the assault and disturbing the peace counts.

The transcript of the May 2024 sentencing hearing discloses that the trial court was aware of and exercised its discretion to impose a lesser

firearm enhancement under section 12022.53 and *Tirado*.  Franco's admission made him subject to a possible sentence of 25 years to life for the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1). The prosecutor and the court stated on the record that the other available sentencing options under section 12022.53 were zero years (if stricken), 10 years, or 20 years.  These are the lesser firearm enhancements permitted under section 12022.53, subdivisions (b) and (c).  Of these options, the trial court chose to impose the 10-year sentence under section 12022.53, subdivision (b).  The court explained: "So I think, on balance, there should be a penalty.  I think giving him a free pass on the gun enhancement would not be justice, in my view, and so the Court would select the ten-year enhancement."

The parties agree, however, that the court was not aware of its discretion to impose a lesser armed enhancement under section 12022, subdivision (a)(1) and *McDavid*, which the Supreme Court decided just 11 days before the hearing at issue here.  (*McDavid, supra*, 15 Cal.5th 1015.)  In *McDavid*, the court expanded its prior holding in *Tirado* by ruling that when a court has exercised its discretion to strike a section 12022.53 enhancement and finds that no lesser section 12022.53 enhancement is appropriate, it may impose a lesser included, uncharged enhancement under a law *other than* section 12022.53.  (*Id*. at p. 1030.)

As the parties acknowledge, a one-year armed enhancement under section 12022, subdivision (a)(1) is a lesser included enhancement of the section 12022.53, subdivision (e) enhancement Franco admitted.  The former applies if a principal in the offense is armed with a firearm (§ 12022, subd. (a)(1)), and the latter applies if a principal uses or discharges a firearm in a gang-related offense.  (§ 12022.53, subds. (b)–(e).)  Thus, a violation of the

4

former is necessarily included within the latter. When the prosecutor and the trial court listed the available sentencing options for the firearm enhancement, however, they did not mention the possibility of imposing only a one-year armed enhancement under section 12022, subdivision (a)(1). We therefore accept the Attorney General's concession that the trial court was unaware of its discretion to impose a one-year lesser included armed enhancement under section 12022, subdivision (a)(1) and *McDavid*.

In these circumstances, remand is required unless the record clearly indicates the court would have reached the same decision even if it had been aware of its discretion. (*People v. Salazar* (2023) 15 Cal.5th 416, 431.) The record before us does not provide such a clear indication. It only discloses that the court believed "there should be *a* penalty" and that "giving him a *free pass* on the gun enhancement would not be justice . . . ." (Italics added.) Accordingly, we must reverse and remand for resentencing so that the court can exercise informed discretion. We express no view how the trial court should exercise its discretion on remand.

As a result, we need not address Franco's separate argument that the trial court erred by imposing a greater aggregate sentence after the prior appeal (25 years to life versus the prior sentence of 18 years to life). If the trial court chooses to impose only a one-year armed enhancement on remand, the resulting sentence could be only 16 years to life. Alternatively, the court may still decide to impose the previous sentence of 18 years to life. Thus, this issue may be rendered moot by the resentencing and is not appropriate for appellate resolution at this time. Franco may assert his double jeopardy argument in the trial court on remand.

## DISPOSITION

The judgment is reversed and remanded for resentencing.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.